In the Matter of Society for the Prevention of Crime, Inc., Relator, against William A. Adams, Warden of the City Prison of the City of New York, Defendant.

Supreme Court, Special Term, New York County, June 22, 1944.

*J. Edward Lumbard* and *George P. Lane* for relator.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *Sol Cooperman* of counsel), for defendant.

Koch, J. The issue upon this writ of habeas corpus is the legality of the commitment to City Prison of the eleven juvenile delinquents named in the petition. As a result of adjudications of delinquency the children in question were duly committed to the New York State Training School for Boys at Warwick, New York. Pending transportation thereto and acceptance by the school, they were lodged for detention care in the City Prison of the City of New York. This was done pursuant to the provisions of section 82 of the Domestic Relations Court Act of the City of New York (L. 1933, ch. 482) because the justices who committed the delinquents were of the opinion that they were likely to escape from any other place of detention or were of such character and disposition that it was necessary to place them in the City Prison to secure their safety or that of others.

Section 82 reads as follows: " No child coming within the provisions of this act shall be placed in or committed to any prison, jail, lockup or other place where such child can come into contact at any time or in any manner with any adult who has been convicted of a crime, or who is under arrest, unless by order of the court and unless it be necessary to secure his safety or that of others or thereby prevent his escape, in which case he shall be segregated from such adult or adults as far

as may be possible; nor shall this preclude the court from committing to a suitable institution a person who has attained the age of sixteen and over whom the court acquired jurisdiction as a child.''

The language following the words '' under arrest '' was added to section 82 by chapter 761 of the Laws of 1942 in effect May 11, 1942.

The relator, the Society for the Prevention of Crime, Inc., concedes that section 82 authorizes the detention of a child coming within the provisions of the Domestic Relations Court Act to a prison or jail prior to final judgment of commitment. It takes the position, however, that the section is inapplicable to children after they have been adjudicated juvenile delinquents.

The language of section 82 is broad enough to include within its scope children who have been adjudicated juvenile delinquents as well as those awaiting trial. The statute uses the words '' placed in or committed '' and thus seems intended to apply after as well as before final judgment. The fact that section 82 comes between section 81, dealing with situations arising upon the initiation of a proceeding in the Children's Court, and section 83, providing for hearings and final judgment, although entitled to some weight, is not in and of itself conclusive that section 82 is limited and confined solely to detention prior to final judgment. If children may in the circumstances set forth in section 82 be placed in the city prison prior to receiving a hearing and prior to any adjudication as to their alleged delinquency, it would seem that there is all the more reason for authorizing such detention after an adjudication that they are juvenile delinquents. The following excerpt from the answering affidavit submitted by W. BRUCE COBB, Acting Presiding Justice of the Domestic Relations Court, is apposite: '' Section 82 should be construed so as to effectuate its purpose. The fact that the city prison detention took place after the formal signing of the commitment did not mean that the child was to be transferred on the instant to the New York State Training School for Boys at Warwick. Intervening periods to enable such transportation to take place are of common knowledge not only with relation to children's commitments but criminal court commitments. If the Children's Court was limited to sending committed boys straightway to Warwick, there would be no means to get them there. If such boys were housed temporarily in the County Society for the Prevention of Cruelty to Children such a Shelter would be faced not only with the presence of dangerous boys or boys likely to escape but by

boys who would be rendered all the more desperate by the fact that they had been actually committed and were facing a long period of institutional treatment at a far distant point. Therefore, there is even more reason why the Court should in its discretion send committed boys to the City Prison than boys pending commitment. Surely the Legislature did not mean an hiatus of such a dangerous sort.''

The argument that section 83, dealing with the hearing and judgment, makes no express reference to a power to commit to the city prison, is not necessarily determinative. Furthermore, subdivision (f) of section 83 contains a provision authorizing the court to '' make such other order or commitment as the court may be authorized by law to make '', language seemingly broad enough to authorize an order of commitment to prison pursuant to section 82.

As to the contention that subdivision 4 of section 486 of the Penal Law forbids the detention of the children in the city prison, it need only be observed that the later amendment of section 82 of the Domestic Relations Court Act which expressly permits such a detention must be deemed controlling.

The answering affidavit of Mayor La Guardia recognizes that '' only as a last resort, with the interest of the boy and the community constantly in mind, should a boy under 16 be committed to the Tombs unless found absolutely and unavoidably necessary.'' The problem has arisen because recent changes in conditions have resulted in overcrowding State institutions for the care of minor offenders (as well as shelters in the city operated by semipublic institutions). The Mayor states that the State Social Welfare Board and the Commissioner of Welfare are co-operating with him and making sincere efforts to meet the situation and that he is certain that the problem will be worked out. The answering affidavit of Justice Cobb states that he has been informed that the State Board of Social Welfare has made arrangements with Children's Village to accommodate from fifty to one hundred boys now at the New York State Training School for Boys at Warwick. The result of such a transfer will be to make a place in Warwick for many future juvenile delinquents. The eleven delinquents to whom the present writ relates are to be transferred to the New York State Training School for Boys at Warwick on Friday, June 23d, at 10:00 A.M.

The sociological arguments and considerations advanced by relator are no more controlling in the interpretation of the statute law as actually enacted than the fact that many of the

eleven delinquents have committed extremely serious crimes, which, had they been adults, would have brought upon them very severe punishment and confinement to prison for a long period of time.

The court holds that the commitments to City Prison were legal and valid under section 82 of the Domestic Relations Court Act, and the writ is accordingly dismissed.